**In re WHEELAND.**

Civ. A. No. 4359.

United States District Court
M. D. Pennsylvania.

Oct. 29, 1952.

Louis Weiner, Asst. Regional Atty., U. S. Department of Labor, Philadelphia, Pa., for the Government.

Clarence Wheeland pro se.

WATSON, Chief Judge.

This action was instituted on the Government's petition to adjudicate the defendant, Clarence Wheeland, in civil and criminal contempt for violation of the judgment of the Court entered April 20, 1951. An order to show cause why defendant should not be found guilty of civil and criminal contempt of this Court was issued, and a hearing was had thereon. The Court now makes the following findings of fact and conclusions of law:

Findings of Fact

1. On February 28, 1951, the Secretary of Labor, United States Department of Labor, instituted in this Court a civil action, File No. 3952, to enjoin and restrain Clarence Wheeland from violating certain provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

2. Thereafter, on April 20, 1951, this Court entered a final judgment in said action permanently enjoining and restraining the defendant, Clarence Wheeland, from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Act in any of the following manners:

(a) Paying any of his employees who are engaged in commerce or in the production of goods for commerce wages at rates less than 75 cents an hour;

(b) Employing any of his employees for workweeks longer than 40 hours without compensating such employees for their employment in excess of the said number of hours at rates not less than one and one-half times their regular rates of pay;

(c) Transporting, offering for transportation, shipping, delivering, or selling

in interstate commerce, or shipping, delivering or selling with knowledge that shipment, delivery, or sale thereof in interstate commerce is intended, any goods in the production of which any employee of the defendant was employed in violation of the provisions of Sections 6 or 7 of the Act;

(d) Failing to make, keep and preserve records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the regulations of the Administrator of the Wage and Hour Division issued pursuant to Section 11(c) of the Act and particularly failing to make, keep and preserve records of the hours worked each workday and each workweek by each of his said employees.

3. Clarence Wheeland had full knowledge of the entry of said judgment order of April 20, 1951, and of its contents and terms.

4. For a long time prior to February 28, 1951, and at all times since the date of the entry of the said judgment on April 20, 1951, Clarence Wheeland was and is the sole proprietor and active manager of an establishment located at 321 Second Street, Williamsport, Lycoming County, Pennsylvania, within the jurisdiction of this Court, where he maintains an office as a private motor carrier performing a general hauling business locally and over the road, and in conjunction therewith operates a salvage yard.

5. In the operation of his said business, defendant Clarence Wheeland employs individuals in occupations such as driving trucks, collecting waste paper, scrap leather, wooden boxes, rubber, etc., loading and unloading the said scrap materials onto or from trucks, sorting and baling the waste paper, scrap leather and rubber and repairing the wooden boxes at or about the defendant's salvage yard. Substantial quantities of the scrap leather handled by said employees were regularly and recurrently shipped directly in interstate commerce to out-of-state customers of the defendant in carload lots by way of the Pennsylvania Railroad Company. Substantial amounts of waste paper handled by defendant's employees were shipped to Schmidt & Ault Paper Company, York, Pennsylvania, for use as a part or ingredient in the production of paper products for shipment in commerce. The wooden boxes repaired by employees of the defendant were sold to the Woolrich Woolen Mills, Woolrich, Pennsylvania, for use as containers for woolen products produced by Woolrich for shipment in interstate commerce.

6. During the period April 20, 1951, to August 1952, inclusive, Clarence Wheeland deliberately and continuously disobeyed the order of this Court of April 20, 1951, in the following manner:

(a) The said defendant employed George P. Bower, wood box repairman, John Condo, truck driver helper, Renaldo Gorman, sorter and platform man, John Murphy, baler, and other employees at rates of pay less than 75 cents an hour as shown in the defendant's payroll records (Government's Exhibit A) and the testimony of employees.

(b) The said defendant employed many employees, including Ammon D. Beaver, platform man, Renaldo Gorman, John Condo, John D. Carter, truck driver, John Murphy and L. S. Alexander, balers, for workweeks longer than 40 hours and failed to compensate such employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed;

(c) The said defendant shipped in interstate commerce goods in the production of which employees were employed in violation of Sections 6 and 7 of the Act;

(d) The defendant failed to make, keep and preserve adequate and accurate records of the daily and weekly hours of work of employees John Murphy and George P. Bowers. Specifically, the time cards maintained by defendant Wheeland for employee John Murphy (Government Exhibits B & C) show that he worked total hours varying from 18 to 26 per week during the entire period from April 20, 1951, to the present time with the exception of three weeks in August 1952 when they showed he worked

in excess of 40 hours. Mr. Murphy testified that he worked from 40 to 46 hours per week during this period, giving specific daily starting and quitting times. No daily or weekly hours were recorded by the defendant in his payroll records (Government Exhibit A) for this employee, who was paid on a salary basis of $20 per week. Nor were time records of any kind maintained by the defendant for employee George P. Bower, who testified he worked about 30 or 40 hours a week and was paid a salary of $10 per week (Government Exhibit A) regardless of the number of hours he worked in any workweek.

7. Defendant's payroll records and the testimony of the employees disclose that for the period April 20, 1951, the date of the judgment in this case, to September, 1952, certain employees were not paid the minimum wage or time and one-half as required under the provisions of the Fair Labor Standards Act and the judgment of this Court. The employees and former employees, the respective violations, and the gross amounts due each are listed below:

| | Name | Occupation | Minimum | Overtime | Amounts |
|---|---|---|---|---|---|
| 1. | L. S. Alexander | Baler | | x | $ 28.72 |
| 2. | Ammon D. Beaver | Platform Man | | x | 275.27 |
| 3. | George P. Bower | Woodworker | x | x | 1235.00 |
| 4. | John D. Carter | Driver | | x | 143.35 |
| 5. | John Condo | Helper | x | x | 233.85 |
| 6. | Renaldo Gorman | Sorter | x | x | 392.22 |
| 7. | William Hunt | Helper | x | x | 113.13 |
| 8. | Conrad Kolbe | Driver | x | x | 110.77 |
| 9. | John Murphy | Baler | x | x | 1036.82 |
| 10. | Harry Reigles | Not recorded | | x | 142.73 |
| 11. | James Stewart | Driver | x | x | 107.53 |
| 12. | Clifford Harkinson | Not recorded | | x | 2.25 |
| 13. | Lawrence Snyder | Not recorded | | x | 2.25 |
| | | | | Total | $3823.89 |

## Conclusions of Law

1. Employees of defendant were engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

2. The Court may punish for both criminal and civil contempt in the same proceeding.

3. Where the evidence shows not isolated instances of violation but a conscious and continued overall method of operation in disregard of the recent order of the Court and the warnings of Wage and Hour Investigators, and in violation of the Fair Labor Standards Act, the violations are wilful.

4. At no time after the entry of the Court's judgment on April 20, 1951, did defendant take any affirmative measures to avoid further violations of the overtime and record-keeping provisions of the Fair Labor Standards Act and the judgment of this Court.

5. From April 20, 1951, to August 1952, defendant consciously failed to make any reasonable effort to avoid the violation of the minimum wage requirements of the Fair Labor Standards Act and the judgment of this Court. Defendant's failure to take any such action amounts to a conscious, intentional and wilful violation of the Court's judgment.

6. The defendant at all times between April 20, 1951, and September 6, 1952 has been guilty beyond a reasonable doubt of civil and criminal contempt of this Court as charged.

7. The order to show cause is made absolute and defendant is found guilty of civil and criminal contempt of this Court by reason of his failure and refusal to obey,

and disobedience of, the judgment of this Court.

The Government is directed to submit an order in accordance with the above findings of fact and conclusions of law, and the prayer contained in its petition.